SKC

WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Phillip Raymond Nelson,

Plaintiff,

v.

NaphCare, et al.,

Defendants.

No. CV-26-05790-PHX-JAT (CDB)

**ORDER**

Plaintiff Phillip Raymond Nelson, who is currently confined in the Arizona State Prison Complex-(ASPC) Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 13). Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 9). The Motion is not yet fully briefed, but the Court finds that full briefing is not required to decide the issue presented. The Court will deny the Motion.

**I. Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim in Count One against Defendant NaphCare, the state's contracted medical care provider for ASPC-Eyman prisoners, based on the alleged discontinuation of Plaintiff's prescribed footwear pursuant to an alleged blanket policy change to save costs. The Court required Defendant NaphCare to answer Count One and dismissed the remaining claims and Defendants without prejudice for failure to state claim. (Doc. 7.) Plaintiff subsequently moved to amend his Complaint to cure the dismissed claims, and the Court granted the Motion to Amend and found that Plaintiff stated

additional Eighth Amendment medical care claims against Defendants Dr. Rodney Stewart, Dr. Daniel Pacheco, and Jane/John Doe, identified only as a member of NaphCare's Utilization Management (UM) Team. (Doc. 13.) The Court directed Defendants Stewart and Pacheco to respond to the First Amended Complaint and gave Plaintiff 90 days to identify and substitute the actual name for the Doe Defendant. (*Id.*)

**II. Injunctive Relief Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072. When the government opposes a preliminary injunction,"[t]he third and fourth factors of the

preliminary-injunction test—balance of equities and public interest—merge into one inquiry .” *Porretti*, 11 F.4th at 1047. The “balance of equities” concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction’s impact on nonparties rather than parties. *Id.* (citation omitted). Regardless, “[i]t is always in the public interest to prevent the violation of a party’s constitutional rights.” *Id.* (citation omitted).

Regardless of which standard applies, the movant “has the burden of proof on each element of the test.” *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). In addition, because the function of a preliminary injunction is to preserve the status quo pending a determination on the merits, *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are subject to heightened scrutiny). The Ninth Circuit has held that this type of mandatory injunctive relief is disfavored and should be denied unless the facts and law clearly favor the movant.*Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal*., 220 F.3d 987, 999 (9th Cir. 2000).

**III. Motion for Injunctive Relief**

In his single-paragraph Motion for Preliminary Injunction, Plaintiff seeks a court order directing Defendants “to immediately provide Plaintiff with the prescribed items as follows: footwear, insoles, A.F.O. [Ankle-Foot Orthosis] Brace, Wheelchair, medical mattress, and medical mattress topper.” (Doc. 9 at 2.) Plaintiff attached a copy of his

Special Needs Orders (SNOs), showing he has SNOs for these medical items/devices and several other items or accommodations, effective through April 1, 2028. (*Id.* at 3.)

In support of his Motion, Plaintiff claims that Defendants have been denying him his prescribed footwear, A.F.O brace, and wheelchair, and have been "prolonging onsite providers['] request to send Plaintiff to an offsite specialist to have medical shoes, insoles, and [an] A.F.O. brace custom made to accommodate his medical needs." (*Id.* at 1.) As a result, Plaintiff alleges that, for more than eleven months, he has suffered needlessly and now has "severe pain in his feet, calves, hip, and back." (*Id.*) He also alleges that, without the requested relief, he will "continue to suffer irreparable injury." (*Id.* at 2.)

Although the Court found on screening that, liberally construed, Plaintiff's allegations were sufficient to state Eighth Amendment medical care claims (*see* Docs. 7, 13), to be entitled to preliminary injunctive relief, Plaintiff must either (1) show that he is likely to succeed on the merits of his claims, or (2) raise "serious questions" going to the merits and show that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc.* 709 F.3d at 1291 (quoting *Cottrell*, 632 F.3d at 1135). Plaintiff's Motion is too conclusory to make either of these showings or to meet the heightened standard for ordering mandatory relief.

Plaintiff alleged in his Complaint that NaphCare enacted a blanket policy such that, "after several years of providing him with the prescribed footwear[, medical person[n]el[] stopped providing [the footwear and] forced Plaintiff to go barefoot for 10 months" as of the filing of his Complaint. (Doc. 1 at 3.) In his First Amended Complaint, Plaintiff added that, as members of NaphCare's UM Team, Defendants Stewart, Pacheco, and John/Jane Doe repeatedly denied his medical providers' requests for medical shoes, insoles and a "drop-foot brace." (Doc. 15 at 5−6.) Beyond these bare facts, however, Plaintiff does not allege or set forth in his Motion for Preliminary Injunction any of the underlying facts surrounding these alleged denials, such as what footwear he had at the time of the alleged policy change, why he had no alternative but to go barefoot for eleven or more months, what reasons he was given for the alleged denials of his requests for new medical footwear,

or what either his medical providers or the UM Team assessed to either support their requests for new medical footwear or defend their denials of the same.

Even though, at the pleading stage, the Court takes as true Plaintiff's non-conclusory allegations based on personal knowledge, Plaintiff does not allege sufficient facts in his pleadings to demonstrate personal knowledge of the alleged blanket policy change or the alleged cost-saving bases of the denials in his case. Moreover, unlike the standard for stating a claim, a motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." *Fidelity Nat'l Title Ins. Co. v. Castle*, C 11-0896 SI, 2011 WL 5882878, at *3 (N.D. Cal. 2011) (internal citation omitted). To the extent Plaintiff can provide further context and a factual basis for his underlying claims and his requests for preliminary injunctive relief, affidavits are appropriate on a motion for a preliminary injunction if they are based on personal knowledge and "state the facts supporting the litigant's position clearly and specifically." 11A Charles A. Wright, Arthur K. Miller & Mary K. Kane, Federal Practice and Procedure § 2949 at 216-217 (2d ed. 1995); *see Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953) (a preliminary injunction may be granted on affidavits). Here, however, Plaintiff has failed to set forth the facts underlying his claims or requests for relief with sufficient clarity and specificity for the Court to determine he is likely to succeed on the merits of his claims.

Even finding that Plaintiff has raised "serious questions" going to the merits of his claims, the facts Plaintiff presents are nonetheless too sparse for the Court to assess whether the balance of the hardships tips sharply in Plaintiff's favor or whether the other *Winter* factors are met.

For the above reasons, the Court will deny Plaintiff's Motion without prejudice.

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 9), and the Motion is **denied** without prejudice.

Dated this 23rd day of October, 2026.

James A. Teilborg
Senior United States District Judge